Turley, J.
delivered the opinion of the court.
We regret being under the necessity of reversing the judgment in this case, because we can see that it may perhaps be of no benefit to the plaintiff, and only tend to accumulate cost. But then the charge of the court, upon the operation of the statute of limitations in the case is, in our opinion, entirely erroneous, and we cannot, therefore, sustain the verdict, not being able to say, but that it may have been based upon the charge.
The proof shows that the defendants had not been in the possession of the premises for the space of three years before this suit was brought, but that for a year previous to their taking possession, Thomas Holt, one of the defendants, leased the land to Herbert Owen and Avife, who lived on the same in 1842, as the tenants of Holt; at the expiration of which time, Holt himself took possession. Now the possession of Owen and wife, in 1842, if united to the possession of Holt after that period will constitute more than three years before the commencement of this suit. But can these possessions be united to protect a defendant in this action ? The Circuit Judge thought they could. He said to the jury: “That it was sufficient for a defendant, in proceedings of this kind; that he had been in undisturbed possession for the space of three years, and that possession by a tenant would be equally available as a possession in person.” Is this charge correct ? We think not. It must be borne in mind, that this action is only maintainable against a wrongful possession, viz., a possession obtained *409 by wrong or maintained by wrong; that title' can never be enquired into in this form of action, and that it may be maintained against the legal owner himself, if he have acquired the possession wrongfully or so maintains it. The necessary consequence is, that every possession must stand by itself, being capable neither of aiding or receiving aid from another ; for it must be of itself either such a possession as will protect or will not protect; if it will protect, it needs no assistance; if it will not, it cannot be assisted.
If the person in possession is a tort-feasor, and liable to be turned out by writ of forcible entry and detainer, how can his situation be bettered,' by showing that some other tort-feasor had previously entered and forcibly withheld the land, under a lease from himself? This cannot make his illegal possession legal.
The view of the case, taken by the Circuit Judge, is based upon what we take to be a misconception of the proviso of the 20th section of the act of 1821, chap. 14, passed in reference to this subject, and which is in the words following:—
“ This act shall not extend to any person who hath had the uninterrupted occupation, or been in quiet possession of any lands or tenements, for the space of three whole years together, immediately preceding such complaint so exhibited to said justices, and whose estate therein, is not ended or determined, but every such person may plead the same to the said complaint, which shall be tried in the manner herein ' before described.”
It has been supposed that this proviso operates as the statute of limitations in an action of ejectment, and that, therefore, the possession of a tenant may enure to the *410 benefit of the landlord. This, in our opinion, is a great mistake.
In the action of ejectment the possession perfects the title, but in the action of forcible entry and detainer, it only bars the aotion; it confers no right, and the person claiming the benefit of it must bring himself strictly within the statute, which extends only to those who have had an uninterrupted occupation, or been in the peaceable possession of the lands and tenements, for the space of three whole years together, before the complaint made. Now this must be defendant’s own possession. How can he make the illegal and forcible possession of another enure to his benefit ? He can- give no authority for such a possession, and the law will not recognise any relation between them.
No man can authorize another to commit a wrong, to take a forcible possession, or forcibly to detain it, and he derives no benefit from such a wrong. Every man is responsible for his own trespasses, for his own detainers, and the statute for the limitation of actions therefor, are applied to each and every one, without reference to another.
Title not coming into controversy then, and every defendant in forcible entry and detainer, necessarily depending for protection upon the nature of his own possession and detention, and not another’s, the Circuit Judge erred in supposing that the defendant in this case might unite his possession to that of one claiming to have been his tenant, in order to constitute the bar of the statute.
We, therefore, reverse the judgment given in this case, and remand it for a new , trial.